867 P.2d 1218

**Dwayne QUINTANA, Claimant–Appellee,**

v.

**Prices ILFELDS and American States Insurance Company, Respondents–Appellants.**

**No. 13999.**

Court of Appeals of New Mexico.

Dec. 17, 1993.

Victor S. Lopez, Law Office of Victor S. Lopez, Albuquerque, for claimant-appellee.

Joseph William Reichert, Arlon L. Stoker, Jr., P.A., Albuquerque, for respondents-appellants.

OPINION

ALARID, Judge.

This appeal requires interpretation of certain provisions of NMSA 1978, Sections 52–5–12 and –14 (Repl.Pamp.1991) (effective January 1, 1991), dealing with lump sum payments and court approval of lump sum payment agreements. Employer and its insurance carrier (Employer) appeal an order approving a partial lump sum award for paying debts. Employer raises three issues: (1) whether the workers' compensation judge (judge) erred in refusing to discount the payment to present value; (2) whether the judge erred in concluding that payment of the lump sum was without prejudice to future claims for either an increase or decrease in benefits; and (3) whether the judge erred in the amount awarded for attorney fees. Because the amount awarded as a lump sum payment

reflected the full amount of the remaining weekly benefits due Dwayne Quintana (Worker) and thus amounted to a full lump sum payment, we hold that Worker was not eligible under the statute to receive a lump sum payment of his full benefits. Accordingly, we set aside the lump sum award and reverse. We do not reach any of the issues raised by Employer.

Following an accidental injury on February 27, 1991, Worker received temporary total disability benefits of $106.50 per week for 61 weeks. After reaching maximum medical improvement in April 1992, Worker and Employer stipulated that Worker had a 33% permanent partial disability. This entitled him, therefore, to $35.20 per week for the remaining 439 weeks for a total of $15,452.80. Relying on Section 52–5–12(C), Worker petitioned the Workers' Compensation Administration (Administration) in April 1992 for a partial lump sum settlement for payment of debt. In addition to recurring monthly living expenses of $1,043.00, Worker alleged in his petition that he had debts totaling $20,780.98. Worker also alleged that he could not meet his living expenses at a compensation rate of $35.20 per week and that he would suffer severe economic hardship if a "partial lump sum" was not awarded. Worker alleged that the amount awarded as a partial lump sum would be used for the purposes of paying accumulated debts and living expenses.

Following a hearing, the judge granted Worker's petition. Although the compensation order and order of approval refers to "payment of partial sum to pay debts," the order actually awards a full lump sum payment because it orders Employer to pay the full amount of disability benefits for the remaining 439 weeks for a total of $15,452.80. In his decision, the judge concluded that it was not appropriate to discount the award and that the payment of the lump sum was without prejudice to any proper claim either party may have in the future "should worker's disability increase or decrease."

While not challenging the approval of a lump sum payment, Employer argues that the Administration was required to discount the award and also to release Employer from liability for future payments of compensation or other benefits. On the other hand, Worker continues to argue, as he did before the Administration, that the issue of future claims for compensation had not matured or ripened and therefore should not be adjudicated, and further that discount to present value was not required. Given this posture, we are called upon to decide whether the Administration was required to discount the award to present value and release Employer from future liability. We decline to do so.

Subsection A of Section 52–5–12 states the legislature's policy that "it is in the best interest of the injured worker or disabled employee that he receive benefit payments on a periodic basis." Subsection B of that section allows, however, for a lump sum payment of compensation benefits if the worker has returned to work for at least six months and is earning at least 80% of the average weekly wage he earned at the time of his injury or disablement. If those conditions are satisfied and the lump sum award is approved, then the worker is not entitled to any additional benefit, that is, the lump sum payment shall be an exchange for the release of the employer from liability for future payments of compensation or medical benefits. See § 52–5–12(A) & (B). Additionally, in the event of a full lump sum payment, the legislature has provided that the payment shall not be discounted by more than five percent. See §§ 52–5–12(B) & –14(B).

In the present case, because Worker had not returned to work for six months earning 80% of his average weekly wage, he did not qualify for a full lump sum payment under Subsection B of Section 52–5–12. Therefore, Employer could not be required to pay the full amount of the remaining disability as determined at the time of the hearing, notwithstanding the fact the payment was denominated as partial. Subsection C of Section 52–5–12 does allow, after maximum medical improvement has been achieved and with the approval of the judge, a partial lump sum payment for the sole purpose of paying debts

that may have accumulated during the course of the injured or disabled worker's disability. However, the judge here did not award a partial lump sum payment; he awarded full payment. Therefore, Subsection C of Section 52–5–12 was not in fact properly utilized and the award as made must be set aside. To reach the question raised would require this Court to circumvent the clear intent of the legislature. This we will not do.

While we decline to answer the specific questions raised in this appeal, i.e., whether a partial lump sum award should be discounted and whether there can be a release from further liability in the event of such an award, we call the attention of the legislature to these questions so as to give that body an opportunity to correct what appear to be rather perplexing problems with the language of the statute. With respect to discounting to present value, as noted above, Subsection B of Section 52–5–12, which deals with full lump sum payment, specifically provides for a discount. On the other hand, Subsection C of Section 52–5–12, which deals with partial lump sum payment to pay debts, is silent. Further, Subsection B of Section 52–5–14 places a limit on the amount of discount, but fails to make clear whether such discount applies equally to full and partial lump sum payments.

Second, with regard to release from liability for future payments, Subsection A of Section 52–5–12 is somewhat confusing. The last sentence of that subsection provides in part that "[e]xcept as provided in Subsections B, C and D of this section, lump-sum payments in exchange for the release of the employer from liability for future payments of compensation or medical benefits shall not be allowed." Subsection B provides that a worker shall not be entitled to any additional benefit. This suggests that the employer would be released from future liability. However, Subsection C, dealing with partial lump sum payments for the payment of debts, is silent. The silence raises the question as to whether or not the exception under Subsection A applies. We invite the legislature to revisit the provisions.

The order approving what amounts to a full lump sum payment is reversed and the case is remanded to the Administration with directions to set aside the award of a lump sum payment and to reinstate or order periodic payments. This disposition does not preclude Worker from reapplying for a partial lump sum payment consistent with the provisions of Section 52–5–12.

IT IS SO ORDERED.

MINZNER, C.J., and BIVINS, J., concur.